STATE OF NORTH DAKOTA *v.* STATE OF MINNESOTA.

IN EQUITY.

No. 14, Original. Argued January 3, 4, 1921.—Order entered April 18, 1921.

Order restoring the case to the docket, directing the taking of supplemental proofs and suggesting the consolidation of this cause with another between the States of South Dakota and Minnesota.

*Mr. M. H. Boutelle,* with whom *Mr. William Langer,* Attorney General of the State of North Dakota, *Mr. John Lind,* and *Mr. I. C. Pinkney* were on brief, for complainant.

*Mr. John E. Palmer* and *Mr. Egbert S. Oakley,* with whom *Mr. Clifford L. Hilton,* Attorney General of the State of Minnesota, and *Mr. Montreville J. Brown* were on the brief, for defendant.

ORDER. To afford an opportunity for the taking of supplemental proof deemed by the court necessary to an adequate consideration and disposition of the cause,

it is ordered that the case be restored to the docket to the end that the parties may proceed promptly to take the testimony of not. exceeding three engineering experts on each side as to the possibility, within the limits of a reasonable expenditure, of doing away with or ameliorating the flood conditions along the Bois de Sioux River by means other than the injunction prayed for in the bill herein, the testimony thus to be taken to be particularly directed, among other things, to the possibility and effect and estimated cost of any of the following projects: (a) the construction of detaining basins for drainage water throughout the watershed of the Mustinka River for the purpose of withholding a part of the spring waters until the flood period is past; (b) the construction of a sluice dam at any point in Lake Traverse for the purpose of increasing its capacity as a detaining basin; (c) artificial improvement in the channel of the Bois de Sioux River in order to improve its capacity as an outlet for the waters of Lake Traverse in times of flood, so as to prevent overflow and the inundation of the Bois de Sioux valley, the works to include a sluice dam at the foot of Lake Traverse if necessary in order to maintain its level in times of normal flow; (d) lowering the level of Lake Traverse by means of an outlet to Big Stone Lake, controlled by a sluice dam, with a view to increasing its capacity as a detaining basin during the flood period; (e) by diverting some of the drainage water from the so-called Delta Zone, in order to discharge the same down the Mustinka River, to the Rabbit River.

It is further ordered that the parties may take the testimony of not exceeding three witnesses on each side concerning the proper equitable basis for apportioning the expense of any feasible project among the States drained by the Lake Traverse—Bois de Sioux watershed, taking into account, among other considerations, the amount of water discharged by each State into Lake

Traverse or the Bois de Sioux River and the benefit conferred by the improvement.

It is further ordered that testimony shall be taken sufficient to advise the Court as to the flood conditions which have prevailed, since the filing of the bill herein, in the area claimed to have been flooded by the action of the State of Minnesota.

Before the taking of the testimony on the subject above referred to and the resubmission of the cause the Court will entertain a motion in this case and the case of *The State of South Dakota* v. *The State of Minnesota*, No. 15, Original, to consolidate that case with this if counsel are so advised, to the end that the possibility may be considered of alleviating flood conditions in Lake Traverse and along the Bois de Sioux River by other means than the injunction prayed for in that case and to permit South Dakota to take testimony at the hearing now ordered in this case.